WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Georgene Vesecky, an individual,<br><br>        Plaintiff,<br><br>vs.<br><br>Matthews (Mill Towne Center) Real Estate, LLC, an Arizona limited liability company, d/b/a Mill Towne Center,<br><br>        Defendant. | No. CV-09-1741-PHX-JAT<br><br>**ORDER** |

    Pending before the Court are (1) Matthews (Mill Towne Center) Real Estate, LLC's ("Defendant") Motion to Strike (Doc. # 8); (2) Georgene Vesecky's ("Plaintiff") Amended Response to Defendant's Motion to Strike (Doc. # 15); and (3) Defendant's Reply in Support of its Motion to Strike (Doc. # 16). The Court now rules on the Motions.

    Defendant argues that, pursuant to Federal Rule of Civil Procedure 12(f), the Court should strike paragraphs 15, 17, and 18 of Plaintiff's Complaint. Rule 12(f) provides that this Court may strike from any pleading "any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). While determination to strike is in the discretion of the trial court, a motion to strike "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico v. Sun Microsystems, Inc.*, 759 F. Supp. 1335, 1339 (N.D. Cal. 1991); *see Yount v. Regent Univ., Inc.*, No. CV-08-8011-PCT-DGC, 2009 WL 995596, at *11 (D. Ariz. April 14, 2009) ("even a properly made motion to strike is a drastic remedy which is disfavored

by the courts and infrequently granted") (quoting *Int'l Longshoreman's Ass'n v. Va. Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1995)).

The Defendant bears the burden of persuading this Court that the relevant paragraphs should be stricken. *XY Skin Care & Cosmetics, LLC v. Hugo Boss USA, Inc.*, No. CV-08-1467-PHX-ROS, 2009 WL 2382998, at *1 (D. Ariz. August 4, 2009). Defendant must show 1) that the material is redundant, immaterial, impertinent, or scandalous or that the requested relief is unavailable and 2) how such material will cause prejudice. *Id.*; *see Am. Buying Ins. Servs., Inc. v. S. Kornreich & Sons, Inc.*, 944 F. Supp. 240, 249–50 (S.D.N.Y. 1996) (noting that motions to strike have frequently been denied "when no prejudice could result from the challenged allegations, even though the matter literally is within the categories set forth in Rule 12(f).") (internal quotation omitted). Any doubt regarding the redundancy, immateriality, impertinence, scandalousness or insufficiency of a pleading must be decided in favor of the non-movant. *XY Skin Care*, 2009 WL 2382998 at *1.

Defendant argues that paragraphs 15, 17, and 18 are immaterial and impertinent because they describe Plaintiff's feelings regarding discrimination. Defendant also argues that paragraph 17 is scandalous because Plaintiff analogizes her experience in encountering a non-ADA compliant building with the experience of an African-American encountering a "Whites Only" sign in a public business. In response, Plaintiff argues that her emotional reaction to discrimination is relevant to her claim for compensatory damages. "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1382 at 706–07 (1990)), *reversed on other grounds*, 510 U.S. 517 (1994). "'Impertinent' matter consists of statements that do not pertain, and are not necessary to the issue in question." *Id.* (quoting WRIGHT & MILLER at 711). Scandalous language in a pleading "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that detracts from the dignity of the court." *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004) (quoting 2 JAMES WM. MOORE ET AL.,

1  MOORE'S FEDERAL PRACTICE § 12.37 AT 12–97 (3d ed. 1999)). In a judicial proceeding, persons making allegedly defamatory statements "are protected so long as such statements bear some relationship to the proceeding." *Ashton-Blair v. Merrill*, 928 P.2d 1244, 1246 (Ariz. Ct. App. 1997). At this early stage in this proceeding, the Court cannot say that the claims contained in paragraphs 15, 17, and 18 have no bearing on the subject matter of the litigation. It is possible that Plaintiff's emotional reaction to discriminatory behavior could have some relevance to her claim for compensatory damages.

Defendant further argues that it could be prejudiced by the inclusion of paragraphs 15, 17, and 18 of Plaintiff's Complaint if the Plaintiff is permitted to read from the Complaint at trial or use the Complaint as an exhibit at trial. While it is conceivable that prejudice may arise if the jury is allowed to view the Complaint, it is extremely unlikely that this Complaint would be allowed as a jury exhibit and, if such a course of action is proposed, the matter could then be appropriately revisited. The Court finds that Defendant has failed to show that the statements alleged by Plaintiffs have no bearing on the subject matter of the litigation and/or are so prejudicial that they should be stricken pursuant to Rule 12(f).

Accordingly, **IT IS ORDERED** that the Defendant's Motion to Strike (Doc. # 8) is **DENIED**.

DATED this 2nd day of March, 2010.

_____
James A. Teilborg
United States District Judge